BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE DAVID L. CROSS, DISTRICT ATTORNEY, COUNTY OF TRINITY, has requested an opinion on the following question:
May a county board of supervisors transfer the duties of the county administrative officer and the county director of mental health services to the auditor — controller?
 CONCLUSION
A county board of supervisors may transfer the duties of the county administrative officer and the county director of mental health services to the auditor — controller by adopting an ordinance consolidating the three offices.
 ANALYSIS
A county board of supervisors has established a number of management positions; among them are the positions of auditor-controller, county administrative officer, and director of mental health services. The question presented for resolution is whether the board may combine these positions by transferring the duties and responsibilities of the county administrative officer and the director of mental health to the auditor-controller. We conclude that these positions may be combined by the board's adoption of an ordinance.
Under the common law doctrine of incompatible public offices, which is applicable in California, a person may not hold two public offices where there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if the duties of either office include the exercise of a supervisory, auditory, or removal power over the other. (See generally People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636; 81 Ops.Cal.Atty.Gen. 344, 345 (1998).) The consequence of holding incompatible offices is that the person is deemed to have forfeited the first office upon accepting the second. (People ex rel. Chapman v. Rapsey, supra, 16 Cal.2d at p. 644; see 3 McQuillin, Municipal Corporations (3d ed. 2001) § 12.67, p. 367.)
We have little doubt that the three positions in question are "offices" for purposes of the incompatible offices doctrine. (See Gov. Code, § 24009 [county "officers" include controller, auditor "who shall be ex officio controller," and administrative officer]; Welf. Inst. Code, §§5607-5608 [county director of mental health services]; 82 Ops.Cal.Atty.Gen. 201, 203 (1999) [city administrator]; 58 Ops.Cal.Atty.Gen. 670, 671-674 (1975) [county director of mental health services]; 22 Ops.Cal.Atty.Gen. 83, 86 (1953) [city/administrator]; 2 Ops.Cal.Atty.Gen. 142 (1943) [county auditor].)[1] And due to the auditory powers of the county auditor-controller over the other two offices (see Gov. Code, §§ 26881, 26883), the incompatible offices doctrine would prohibit a person from holding the three offices at the same time. (See People ex rel. Chapman v. Rapsey, supra, 16 Cal.2d at p. 642; People ex rel. Deputy Sheriffs' Assn. v. County of Santa Clara (1996) 49 Cal.App.4th 1471, 1481.)
However, the common law prohibition against holding incompatible public offices may be abrogated by the Legislature whenever it chooses. (American Canyon Fire Protection Dist. v. County of Napa (1983)141 Cal.App.3d 100, 104; McClain v. County of Alameda (1962)209 Cal.App.2d 73, 79; 82 Ops.Cal.Atty.Gen., supra, at p. 204; 81 Ops.Cal.Atty.Gen., supra, at pp. 345-346; 78 Ops.Cal.Atty.Gen. 60, 62-63 (1995).) With respect to county governments, the Legislature has afforded counties wide latitude in consolidating departments and offices. Section 24300 provides:
 "By ordinance the board of supervisors may consolidate the duties of certain of the county offices in one or more of these combinations:
"(a) Sheriff and tax collector.
"(b) Auditor and recorder.
"(c) County clerk, auditor, and recorder.
"(d) County clerk and public administrator.
"(e) County clerk and recorder.
"(f) County clerk and auditor.
"(g) Treasurer and tax collector.
"(h) Treasurer and recorder.
"(i) Treasurer and assessor.
"(j) Treasurer and public administrator.
"(k) Public administrator and coroner.
"(l) District attorney and public administrator.
"(m) District attorney and coroner.
"(n) Sheriff and coroner.
"(o) Sheriff and public administrator.
 "(p) County agricultural commissioner and county sealer of weights and measures.
"(q) Road commissioner and surveyor.
 A county may create an office entitled public works director, combining the duties of road commissioner and surveyor and any other compatible duties not legally required to be performed by another county officer.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Section 24304 states:
 "Notwithstanding the provisions of Section 24300, in counties of the 13th to 58th classes, inclusive, the board of supervisors by ordinance may consolidate the duties of certain of the county offices in one or more of these combinations:
"(a) Sheriff and tax collector.
"(b) Auditor and recorder.
"(c) County clerk, auditor, and recorder.
"(d) County clerk and public administrator.
"(e) County clerk and recorder.
"(f) County clerk and auditor.
"(g) Treasurer and tax collector.
"(h) Treasurer and recorder.
"(i) Treasurer and assessor.
"(j) Treasurer and public administrator.
"(k) Public administrator and coroner.
"(l) District attorney and public administrator.
"(m) District attorney and coroner.
"(n) Sheriff and coroner.
"(o) Sheriff and public administrator.
 "(p) County agricultural commissioner and county sealer of weights and measures.
"(q) County clerk and tax collector.
"(r) Treasurer, tax collector, and recorder.
"(s) Sheriff, tax collector, and coroner.
"(t) Coroner and health officer.
 "(u) Road commissioner and surveyor. A county may create an office entitled public works director, combining the duties of road commissioner and surveyor and any other compatible duties not legally required to be performed/by another county officer."[2]
Section 24308 provides:
 "(a) Notwithstanding Sections 24300 and 24304, the board of supervisors of any county may organize, pursuant to ordinance or charter, the delivery of any services for which county government is responsible under state law, into departments or agencies that provide multiple services, except those duties and responsibilities of other elected county officials mandated by the California Constitution or by statute. Any county board of supervisors that elects to organize the delivery of services may consolidate, integrate, or separate duties and functions of county offices and organizational units within departments, to the extent deemed necessary by the board of supervisors.
 "(b) All personnel, including the heads of units within departments organized pursuant to this section and formed from units formerly within other county departments, shall possess the particular qualifications required by the statutes governing provision of the services provided by those departments. These qualifications include standards of education and experience to assure competence appropriate for the direction of the departments or the local administration of county functions.
 "(c) This section shall not permit the occupant of a consolidated, integrated, or separated office to practice any profession or trade for the practice of which a license, permit, or registration is required, without that license, permit, or registration.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Section 33200 additionally provides with specific regard to health services programs:
 "Notwithstanding Sections 24300 and 24304, the board of supervisors of any county may organize, pursuant to ordinance or charter, the delivery of health and human services for which county government is responsible under state law into departments that provide human assistance, human services, and medical systems. Any county board of supervisors which elects to so organize the delivery of health and human services may consolidate, integrate, and separate duties and functions of county offices, and organizational units within departments, to the extent deemed necessary by the board of supervisors, consistent with the provisions of this division."
Accordingly, a county board of supervisors may combine the offices that are specified in section 24300, and if applicable, those specified in section 24304. The three offices in question are not among those identified in either statute. However, subdivision (a) of section 24308 additionally authorizes a board of supervisors to "consolidate . . . duties and functions of county offices . . . to the extent deemed necessary by the board of supervisors." Such acts of consolidation by a board may be authorized "pursuant to/ordinance or charter."[3] Of course, any "duties and responsibilities of . . . elected county officials mandated by the California Constitution or by statute" may not be transferred away from such officials by the board's consolidation of county services. Section 33200 provides similar authority for a county board of supervisors with specific regard to health services programs, which in this case would cover the director of mental health services.
Although consolidation of the three offices would thus be possible, we note that a public official holding consolidated offices must be qualified to provide the services of each office. For example, state law requires that a county director of mental health services meet certain educational standards. (See Cal. Code Regs., tit. 9, § 620.) These state requirements would be applicable regardless of whether the director also performed other county services as the result of a consolidation of offices by the board of supervisors. (See § 24308, subds. (b), (c).)
In answer to the question presented, therefore, we conclude that a county board of supervisors may transfer the duties of the county administrative officer and the county director of mental health services to the auditor-controller by adopting an ordinance consolidating the three offices.
[1] All references hereafter to the Government Code are by section number only.
[2] The Legislature has separated California's 58 counties into classes based upon their populations. (§§ 28080-28779.) The "counties of the 13th to 58th classes" are in order: Ventura, Kern, San Joaquin, Santa Barbara, Monterey, Marin, Sonoma, Stanislaus, Tulare, Solano, Santa Cruz, San Luis Obispo, Merced, Butte, Humboldt, Yolo, Napa, Shasta, Placer, Imperial, Kings, Mendocino, Yuba, El Dorado, Sutter, Madera, Siskiyou, Tehama, Nevada, Tuolomne, Lake, San Benito, Glenn, Inyo, Lassen, Del Norte, Calaveras, Colusa, Amador, Plumas, Trinity, Modoc, Mariposa, Mono, Sierra, and Alpine. (§§ 28020, 28034-28079.)
[3] "For its government, a county . . . may adopt a charter by majority vote of its electors voting on the question." (Cal. Const., art. XI, § 3, subd. (a).)